UNITED STATES OF AMERICA

IN THE COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ALLIANCE HOSPICE CARE, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 24-1547 T |

## COMPLAINT

NOW COMES Alliance Hospice Care, LLC (hereinafter "Plaintiff" or "Alliance Hospice") by and through its attorney, Venar Ayar, and files its Complaint against Defendant, United States of America ("Defendant" or "United States"), and alleges as follows:

## THE PARTIES

1. Plaintiff is a Massachusetts limited liability company with residence and principal place of business at 36 Jaconnet Street, Suite 105, Newton, Massachusetts, 02461.

2. Defendant is the United States of America, acting through its agency, the Internal Revenue Service ("IRS").

3. The Plaintiff has not begun any other lawsuits in state or federal court dealing with the same or similar facts as this action.

4. A statement required under R.C.F.C. 9(m)(2)(B) is attached hereto as **Exhibit A**.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1491.

## LEGAL BACKGROUND

Federal Employment Taxes

6. Plaintiff is claiming a refund of form 941 employment taxes and refundable tax credits related to the Employee Retention Credit.

7. Employers are required by law to withhold federal income taxes and Federal Insurance Contributions Act ("FICA") taxes from their employees' wages, remit these withholdings, and report them to the IRS on tax form 941.

8. Employers are also responsible for paying FICA taxes and reporting such taxes to the IRS on tax form 941. 26 U.S.C §§ 3102 and 3111.

9. Employers are usually obligated to file IRS form 941 on a quarterly basis with the IRS. 26 U.S.C § 6011; 26 C.F.R. § 31.6071 (a) – 1.

The Employee Retention Credit

10. In response to the Coronavirus Pandemic, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). Pub. L. 116-

136 (Mar. 27, 2020). Section 2301 of the CARES Act provided a refundable tax credit called the Employee Retention Credit ("ERC") to eligible employers on qualified wages paid to their employees. Pub. L. 116-136, § 2301. The ERC program was amended and extended under the Consolidated Appropriations Act of 2021, Pub. L. 116-260, § 206 (Dec. 27, 2020), and the American Rescue Plan Act of 2021, Pub. L. 117-2, § 3134 (Mar. 11, 2021), and terminated under the Infrastructure, Investment and Jobs Act, Pub. L. 117-58, § 80604, (Nov. 15, 2021). *See also* 26 U.S.C. § 3134.

11. A business that is an eligible employer that pays qualified wages after March 12, 2020, and through December 31, 2021, is entitled to claim the Employee Retention Credit against its federal employment taxes on the applicable form 941 tax return for that quarter.

12. Section 2301(b)(3) of the CARES Act states that if the amount of the credit exceeds the amount of federal employment taxes for any applicable quarter, then the excess is treated as an overpayment and refunded to the employer.

General Qualifying Requirements

(I) Threshold Requirements

13. An eligible employer is one that is defined as carrying on a trade or business during calendar years 2020 and 2021 and, with respect to any calendar quarter for which the business experienced one of the following:

(a) Its operations were fully or partially suspended due to orders issued by a governing authority in response to COVID-19 ("Full or Partial Suspension Test") that limited commerce, travel, or group meetings or,

(b) The business experienced a significant decline in gross receipts ("The Gross Receipts Test") for any calendar quarter of 2020 and/or 2021 compared to the corresponding quarter of 2019. 26 U.S.C. § 3134(c)(2).

(II) Qualified Wages

14. If an eligible employer had not more than 100 average full-time employees in 2019, wages that were paid to an employee during quarters in 2020 constituted qualified wages. Pub. L. 116-136, § 2301(c)(3)

15. If an eligible employer had not more than 500 average full-time employees in 2019, wages that were paid to an employee during the quarters in 2021 constituted qualified wages. 26 U.S.C. § 3134(c)(3).

(III) Calculation of Credit

16. For 2020, the employee retention credit is limited to 50% of qualified wages that an eligible employer pays to an employee in a calendar quarter. Pub. L.

116-136, § 2301(a). The maximum amount of qualified wages that the credit can be claimed against is $10,000 per employee for the entire calendar year of 2020. § 2301(b)(1).

17. For 2021, the employee retention credit is limited to 70% of qualified wages that an eligible employer pays in a calendar quarter. 26 U.S.C. § 3431(a). The maximum amount of qualified wages that the credit can be claimed against is $10,000 per employee per quarter in 2021. 26 U.S.C. § 3431(b)(1).

## FACTUAL BACKGROUND

18. Plaintiff operates a business of providing palliative and hospice services to elderly in the State of Massachusetts.

19. Plaintiff had an average of less than 100 full-time employees during the calendar year 2019.

20. To the extent the Plaintiff applied and received loan forgiveness under the Paycheck Protection Program, a Shuttered Venue Operators Grant or a grant from the Restaurant Revitalization Fund, the Plaintiff did not include wages included on those applications in its calculation of qualified wages in its claim for the ERC.

21. Plaintiff did not include the wages of any individuals who directly or indirectly owns more than 50% of Plaintiff or any relatives or spouses of any

individuals who directly or indirectly own more than 50% of Plaintiff in its calculations of the ERC.

22. Plaintiff is not a party to any employee leasing arrangement and did not otherwise lease employees.

23. Plaintiff is not a part of an affiliated service group within the meaning contained in 26 U.S.C. § 414(m).

24. Plaintiff is not a member of a consolidated group of corporations and is not under common control with any other trades or businesses.

## COUNT I

Plaintiff Refund Claim on 941-X for Fourth Quarter 2020

25. On July 9, 2023, Plaintiff signed an amended IRS Form 941-X for the taxable period ending December 31, 2020, claiming a refund of tax and an ERC in the amount of $27,890.50 plus interest. Attached hereto as **Exhibit B**.

26. The return was mailed to the Internal Revenue Service Cincinnati Service Center on July 10, 2023. Proof of mailing is attached hereto as **Exhibit C**.

27. The IRS Account Transcripts confirm the receipt of the claim on July 14, 2023, and reflects a forwarded for processing date of July 14, 2023. A true and correct copy of the Account Transcript for fourth quarter 2020 is attached hereto as **Exhibit D**.

28. More than six months have elapsed since the Plaintiff's claim was filed with the IRS.

29. There is currently no outstanding balance owed from the Plaintiff for fourth quarter 2020.

30. Plaintiff qualified itself as an eligible employer for this quarter under the Gross Receipts Test.

31. Plaintiff had gross receipts on or about $102,096.27 for fourth quarter 2019.

32. Plaintiff had gross receipts on or about $25,216.91 for fourth quarter 2020.

33. Plaintiff had about a 75.3% decrease in gross receipts from fourth quarter 2019 to fourth quarter 2020.

34. Defendant has not rejected or accepted the Plaintiff's claim for a refund for fourth quarter 2020.

35. Plaintiff paid qualifying wages of $55,781 in fourth quarter 2020 and calculated an ERC of $27,890.50 for fourth quarter 2020.

## COUNT II

Plaintiff Refund Claim on 941-X for First Quarter 2021

36. On July 9, 2023, Plaintiff signed an amended IRS Form 941-X for the taxable period ending March 31, 2021, claiming a refund of tax and an ERC in the amount of $43,582 plus interest. Attached hereto as **Exhibit E**.

37. The return was mailed to the Internal Revenue Service Cincinnati Service Center on July 10, 2023. Proof of mailing is attached hereto as **Exhibit F**.

38. The IRS Account Transcripts confirm the receipt of the claim on July 14, 2023, and reflects a forwarded for processing date of July 14, 2023. A true and correct copy of the Account Transcript for first quarter 2021 is attached hereto as **Exhibit G**.

39. More than six months have elapsed since the Plaintiff's claim was filed with the IRS.

40. There is currently no outstanding balance owed from the Plaintiff for first quarter 2021.

41. Plaintiff qualified itself as an eligible employer for this quarter under the Gross Receipts Test.

42. Plaintiff made an election under 26 U.S.C. § 3134(c)(2)(B) to use the immediately preceding calendar quarter to qualify under the Gross Receipts Test.

43. Plaintiff had gross receipts on or about $102,096.27 for fourth quarter 2019.

44. Plaintiff had gross receipts on or about $25,216.91 for fourth quarter 2020.

45. Plaintiff had about a 75.3% decrease in gross receipts from fourth quarter 2019 to fourth quarter 2020.

46. Defendant has not rejected or accepted the Plaintiff's claim for a refund for first quarter 2021.

47. Plaintiff paid qualifying wages of $62,260 in first quarter 2021 and calculated an ERC of $43,582 for first quarter 2021.

WHEREFORE, Plaintiff prays that this Honorable Court award judgment in favor of Plaintiff and against Defendant in the amount of $71,472.50 plus interest, costs and attorney's fees, and grant any further relief this Court may find appropriate.

Respectfully Submitted,

Dated: October 1, 2024

By: */s/ Venar Ayar*
Venar Ayar
Counsel for Plaintiff
30095 Northwestern Hwy, Ste. 102
Farmington Hills, MI 48334
(248) 262-3400
venar@ayarlaw.com